J-S24011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWINE REAVES | : | |
| | : | |
| Appellant | : | No. 1474 WDA 2024 |

Appeal from the PCRA Order Entered October 30, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001916-2017

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: September 19, 2025**

Appellant Antwine Reaves appeals from the order denying his second petition pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely. Appellant contends that the PCRA court erred by denying his petition. After review, we affirm.

By way of background, on May 25, 2017, Appellant was arrested and charged with three counts of possession of a controlled substance with intent to deliver (PWID) and one count of possession of drug paraphernalia.[2] On October 3, 2018, Appellant pled guilty to one count of PWID.

On May 7, 2019, Appellant filed a motion to withdraw his guilty plea. After a hearing held on June 28, 2019, the trial court denied Appellant's motion

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. §§ 780-113 (a)(30) & (a)(32), respectively.

to withdraw his guilty plea by order dated July 8, 2019. On August 16, 2019, Appellant was sentenced to 40 to 120 months' incarceration.

In the two months that followed Appellant's sentencing, while still represented by counsel, Appellant filed several *pro se* documents with the court, including a post-sentence motion seeking reconsideration of sentence in which he requested that the trial court make him eligible for the Recidivism Risk Reduction Incentive (RRRI). These documents were forwarded to counsel of record pursuant to Pa.R.Crim.P. 576(a)(4).

On November 25, 2019, Appellant filed a petition to proceed *pro se*.[3] Attached to that petition were two letters from the Chief Public Defender of

_____

[3] We note that the trial court lost jurisdiction on September 15, 2019, thirty days after Appellant's sentence was imposed. **See Commonwealth v. Robinson**, 837 A.2d 1157, 1162 (Pa. 2003) (explaining that "the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order"); **see also** 42 Pa.C.S. § 5505 (stating that a court may modify or rescind an order "within 30 days after its entry" unless the order has been appealed); **Commonwealth v. Morris**, 2054 EDA 2019, 2020 WL 1970869, at *2 (Pa. Super. filed Apr. 24, 2020) (explaining that "[s]ection 5505 . . . recognizes the removal of jurisdiction upon appeal . . . and the removal of jurisdiction upon the end of the term of court or the statutory thirty-day expansion of that time" (citation omitted)). **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

Accordingly, Appellant's November 25, 2019 filing should have been construed as a first PCRA petition. **See Commonwealth v. Hagan**, 306 A.3d 414, 421-22 (Pa. Super. 2023) (stating that "courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"); **see also** Trial Ct. Order, 12/4/19 (explaining that Appellant's request was "in the nature of a motion to file post-sentence motion *nunc pro tunc*"); **Commonwealth v. Vo**, 1026 MDA 2023, 2024 WL
*(Footnote Continued Next Page)*

- 2 -

the Erie County Office of the Public Defender, Patrcia J. Kennedy, Esq. **See** Pet. to Proceed *Pro Se*, 11/25/19, at 2-4 (unpaginated). In those letters, Attorney Kennedy stated that because Appellant was more than thirty days removed from sentencing, he would be permitted to proceed *pro se* by operation of law. **See id.** On December 4, 2019, without holding a **Grazier**[4] hearing after Appellant's filing,[5] the trial court permitted Appellant to proceed

_____

2780523, at *2 (Pa. Super. filed May 30, 2024) (unpublished mem.) (treating an untimely *nunc pro tunc* post-sentence motion as a timely filed PCRA petition).

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[5] The trial court did hold a **Grazier** hearing on or about June 11, 2018 prior to Appellant's guilty plea. **See** Trial Ct. Order, 6/11/18 (stating that "[f]ollowing a colloquy on the record, the court finds that [Appellant's] waiver of [his] right to counsel is knowing, voluntary and intelligent" (some formatting altered)). "[O]nce a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances." **Commonwealth v. Phillips**, 141 A.3d 512, 521 (Pa. Super. 2016). A substantial change of circumstance occurs when, among other things, the defendant "request[s] the re-appointment of counsel." **Id.** On or about August 22, 2018, Appellant retained private counsel. **See** Mot. to Continue, 8/22/18. Private counsel later withdrew after Appellant pled guilty and sought to withdraw his plea. **See** Mot. to Withdraw, 5/6/19; Trial Ct. Order, 6/28/19. After private counsel was permitted to withdraw, the Erie County Public Defender's Office was reappointed to represent Appellant. Trial Ct. Order, 6/28/19. Accordingly, if the trial court erroneously believed that Appellant could still litigate his post-sentence motions, the trial court should have held a second **Grazier** hearing before permitting Appellant to proceed *pro se* because there was a change in circumstances. **See Phillips**, 141 A.3d at 521. In any event, since Appellant's November 25, 2019 filing came after the court lost jurisdiction and should have been treated as a first PCRA petition, Appellant was entitled to counsel for his first PCRA petition and the trial court was required to hold a **Grazier** hearing to determine if his waiver of counsel was valid. **See**
*(Footnote Continued Next Page)*

- 3 -

*pro se*, and stated that "as over thirty (30) days have passed since [Appellant's] August 16, 2019, sentencing that by operation of law [Appellant] is no longer represented by the [Erie County] Public Defender's office."[6] **See Trial Ct. Order, 12/4/19.** The trial court also granted Appellant leave to file a post-sentence motion *nunc pro tunc* and ordered Appellant to file a post-sentence motion within ten days.[7] **See id.**

---

**Commonwealth v. Williams**, 232 MDA 2022, 2023 WL 2155653, at *2-3, *3 n.4 (Pa. Super. filed Feb. 22, 2023) (unpublished mem.).

[6] We do not condone this action by the trial court. Whether the trial court assumed that Appellant would be proceeding *pro se* for the litigation of his post-sentence motions and direct appeal or for a first PCRA petition, we remind the trial court that indigent criminal defendants are entitled to counsel for their direct appeal as well as for their first PCRA petition. **See Commonwealth v. Morrison**, 173 A.3d 286, 291 (Pa. Super. 2017) (explaining "[i]t is axiomatic that indigent defendants have a constitutional right to have counsel appointed to assist them in pursuing a direct appeal" (citation omitted)); **see also Commonwealth v. Bradley**, 261 A.3d 381, 391 (Pa. 2021) (stating "a petitioner has a rule-based right to the appointment of counsel for a first PCRA petition" (citation omitted)). "[T]he trial judge has a duty to protect a defendant's constitutional right to counsel[.]" **Commonwealth v. McDonough**, 812 A.2d 504, 508 (Pa. 2002).

[7] While the trial court explicitly reinstated Appellant's right to file post-sentence motions *nunc pro tunc*, it remained silent as to Appellant's direct appeal rights. **See** Trial Ct. Order, 12/4/19. However, Rule of Criminal Procedure 720 states that when a defendant files a timely post-sentence motion, a "notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a). Accordingly, the reinstatement of Appellant's post-sentence motion rights *nunc pro tunc* must inferentially reinstate Appellant's direct appeal rights *nunc pro tunc*. **Compare Commonwealth v. Smith**, 2853 EDA 2022, 2024 WL 457877, at *2 n.4 (Pa. Super. filed Feb. 6, 2024) (unpublished mem.) **with Commonwealth v. Liston**, 977 A.2d 1089, 1093-94 (Pa. 2009) (stating that the reinstatement of direct appeal rights *nunc pro tunc* does not automatically reinstate the right to file post-sentence motions *nunc pro tunc*).

On December 12, 2019, Appellant refiled his *pro se* post-sentence motion. On January 10, 2020, the trial court denied Appellant's post-sentence motion. Appellant did not file a direct appeal.

On December 10, 2020, Appellant filed a first PCRA petition.[8] The PCRA court appointed PCRA counsel who subsequently, filed a no merit letter, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and **Commonwealth v. G. Turner**, 544 A.2d 927 (Pa. 1988). On July 13, 2021, the court dismissed Appellant's first PCRA petition. Appellant did not file an appeal.

On September 13, 2024, Appellant filed the instant PCRA petition, his second. On September 17, 2024, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response. On October 30, 2024, the PCRA court issued an order denying Appellant's petition.

Appellant timely appealed. Both the court and Appellant complied with Pa.R.A.P. 1925.[9]

---

[8] PCRA petitions filed after a successful grant of a prior PCRA petition restoring appellate rights *nunc pro tunc* are considered first PCRA petitions for timeliness purposes. **See Commonwealth v. K. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013).

[9] We note that Appellant's statement of errors bears a file stamp of February 3, 2025 but is postmarked December 20, 2024. **See** Statement of Errors, 12/20/24; **see also Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019) (stating that "[t]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issue for our review:

Did the [PCRA court] commit reversible error when [Appellant's PCRA petition alleging a newly-discovered fact] was dismissed as untimely even though his claim comported with one of the exceptions to the untimely rule and should an evidentiary hearing ha[ve] been held?

Appellant's Brief at 4.[10]

Appellant argues that the PCRA court erred in denying his petition as untimely because he satisfied the newly-discovered fact exception to the PCRA's jurisdictional time-bar. *Id.* at 4, 7. Specifically, Appellant argues that he did not know he was RRRI eligible until he read an article that he obtained on August 1, 2024, while he was waiting to get a haircut at the prison's barbershop. *Id.* at 7. Appellant argues that the article, dated in 2017, led him to discover case law that supports the article's suggestion that he could obtain relief under the PCRA. *Id.* at 8. Appellant cites *Commonwealth v. Finnecy*, 249 A.3d 903 (Pa. 2021) and asserts that it supports his claim that

_____

authorities for mailing" (citation omitted and formatting altered)). The PCRA court did not consider Appellant's concise statement untimely but, instead, directed this Court to its rationale for dismissing Appellant's petition as set forth in the PCRA court's notice of intent to dismiss. PCRA Ct. Op., 2/3/25; *see also Commonwealth v. Rodriguez*, 81 A.3d 103, 104 n.2 (Pa. Super. 2013) (explaining that this Court will not find waiver for failure to file a timely concise statement of errors where the trial court accepts an untimely statement and addresses the issues raised therein).

[10] Appellant's Pa.R.A.P. 1925(b) statement does not include a claim that the PCRA court erred by failing to grant an evidentiary hearing. *See* Statement of Errors, 12/20/24. Accordingly, that claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

"RRRI claims [raise] illegal sentence [issue]; and therefore, can be filed under the PCRA statute." ***Id.***

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Initially, we must determine the date on which Appellant's judgment of sentence became final.[11]

After a defendant's direct appellate rights have been reinstated *nunc pro tunc*, a judgment of sentence becomes final when appellate rights on the reinstated appeal are exhausted. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 944-45 (Pa. Super. 2003).

Here, the PCRA court reinstated Appellant's post-sentence motion rights *nunc pro tunc* on December 4, 2019, which also extended the thirty-day period for Appellant to file a direct appeal. After the trial court denied Appellant's post-sentence motion on January 10, 2020, Appellant had thirty days to file a direct appeal. *See* Pa.R.Crim.P. 720(A)(2)(a). Appellant failed to file a direct appeal within thirty days. Accordingly, Appellant's judgment of sentence became final on February 10, 2020, when his time to file a direct appeal expired.[12] *See Karanicolas*, 836 A.2d at 944-45. Since Appellant filed the instant petition on September 13, 2024, more than four years after his judgment of sentence became final, his petition is facially untimely.

_____

[11] The PCRA court did not explain when Appellant's judgment of sentence became final. *See* PCRA Ct. 907 Notice, 9/17/24. The Commonwealth asserted that Appellant's judgment of sentence became final on September 15, 2019. Commonwealth's Brief at 6. Appellant states that his "judgment [of sentence] became final on the date which he was sentenced, which was August 16, 2019." Appellant's Brief at 7.

[12] The thirtieth day after the trial court denied Appellant's post-sentence motion was February 9, 2020. Since that was a Sunday, Appellant had until the next business day to file his notice of appeal. *See* 1 Pa.C.S. § 1908.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. **See id**. Further,

- 9 -

discovery of the law does not satisfy the newly-discovered fact exception to the PCRA's time bar. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021). Additionally, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA." *Ballance*, 203 A.3d at 1031 (citation omitted). Finally, the focus of the newly-discovered fact exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021) (citation omitted).

After review, we conclude that Appellant has failed to prove the newly-discovered fact exception to the PCRA's time bar. *See Albrecht*, 994 A.2d at 1094. Appellant's claim that he did not know he was potentially RRRI eligible until August of 2024 is belied by the record. Appellant made nearly the exact claim in his *pro se* post-sentence motion, which he first filed on August 28, 2019. *See Pro Se* Post-Sentence Motion, 8/28/2019, at 1 (unpaginated) (claiming that Appellant "is in fact eligible for a RRRI sentence"). Accordingly, Appellant believed that he was RRRI eligible shortly after he was sentenced. *See Brown*, 111 A.3d at 176. Appellant fails to explain how he "discovered" that he was potentially RRRI eligible in 2024 when he made this allegation nearly five years earlier in 2019. *See id.*

Further, Appellant contends that his discovery of an article and case law regarding RRRI eligibility satisfies the newly-discovered fact exception. Appellant's Brief at 7-8. However, the article he read regarding RRRI eligibility is merely a newly-discovered source for previously known facts. ***See Lopez***, 249 A.3d at 999. Further, he cannot establish the newly-discovered fact exception based on this Court decision in ***Finnecy***, as the discovery of case law does not satisfy the exception. ***See Kennedy***, 266 A.3d at 1135.

Finally, there is nothing in ***Finnecy*** which suggests that a claim regarding RRRI eligibility can be raised in an untimely PCRA petition, as the claim in ***Finnecy*** was raised in a timely first PCRA petition. ***See Finnecy***, 249 A.3d at 907-908. Here, Appellant attempts to raise his claim regarding RRRI eligibility in an untimely petition without first satisfying one of the PCRA's time bar exceptions. ***See Ballance***, 203 A.3d at 1031. Since Appellant failed to satisfy the PCRA's newly-discovered fact exception, his petition is untimely. Accordingly, the PCRA court was without jurisdiction to address the merits of Appellant's petition. ***See id.***; ***Miller***, 102 A.3d at 992.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/19/2025